

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,905

**EX PARTE ANTHONY DWAYNE JONES, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR2001-019-1 IN THE 22ND JUDICIAL DISTRICT COURT
### FROM COMAL COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery and

sentenced to three years' imprisonment after the adjudication of his original deferred adjudication

community supervision.

Applicant contends that he was denied adequate notice that he would be considered for

release on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary

mandatory-supervision statute, TEX. CODE CRIM. PROC. art. 42.18, § 8(c). We remanded this

application to the trial court for findings of fact and conclusions of law.

Based on documentation provided by the Texas Department of Criminal Justice–Review and Release Processing Division, the trial court determined that Applicant did not receive notice of the specific month and year during which he would be considered for mandatory-supervision release before the Board of Pardons and Paroles's decisions in December of 2006, and November of 2008 to deny Applicant release on mandatory supervision. Pursuant to our opinion in *Ex parte Retzlaff*, 135 S.W.3d 45,50 (Tex. Crim. App. 2004), we find that Applicant is entitled to relief. The Board of Pardons and Paroles shall review Applicant for release on mandatory-supervision within 60 days of the date on which this Court's order is issued and shall provide Applicant with timely notice of the review such that Applicant has at least 30 days in which to submit any materials that he wishes the Board of Pardons and Paroles to consider when making its decision. If the Parole Panel denies Applicant release to mandatory supervision, it shall provide Applicant with a written explanation of the reasons for the denial.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 30, 2008
Do not publish